UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID SHERMAN, *et al.*, | : | **CASE NO. 1:19-CV-01624** |
| Plaintiffs | : | (Judge Rambo) |
| | : | (Chief Magistrate Judge Schwab) |
| v. | : | |
| TINA LITZ, *et al.*, | : | |
| Defendants | : | |

**ORDER**
May 11, 2020

## I.  Introduction.

Plaintiffs David Sherman and Michael Eby claim that black mold is present in the Lebanon County Correctional Facility's bathroom, air vents, and living areas and that there was no hot water in the cell block for three weeks. They claim those conditions violate their constitutional rights. For the reasons that follow, the complaint fails to state a claim upon which relief may be granted. Sherman and Eby are granted leave to file an amended complaint.

**II. Background and Procedural History.**

This action was brought purportedly by or on behalf of four inmates. Judge Rambo dismissed the action as to two of the inmates because they did not file proper *in forma pauperis* applications. The two remaining plaintiffs are David Sherman and Michael Eby. The complaint names as defendants Tina Litz, the Deputy Warden at the Lebanon County Correctional Facility ("LCCF"); Becky Davis, a counselor at LCCF; and Robert Karnes, the Warden at LCCF. At the time the complaint was filed, both Sherman and Eby were imprisoned at the LCCF. While Eby remains in the LCCF, Sherman has since been transferred to the State Correctional Institution at Waymart.

Sherman and Eby allege that black mold is present in the LCCF's bathroom, air vents, and living areas. According to Sherman and Eby, methicillin-resistant staphylococcus aureus ("MRSA") is present in the cell block area. They also allege that there was no hot water in the cell block for three weeks. According to Sherman and Eby, water from the sink and showers should be 115 degrees to kill germs and prevent new cases of MRSA.

Sherman filed a grievance on August 21, 2019. He received a response that same day stating that his complaints will be referred to the maintenance

department. The following day he filed an appeal to Warden Karnes.[1] On August 25, 2019, Sherman and Eby[2] discussed their concerns with a Sergeant Miller. And on August 28, 2019, they were placed in the gym while areas were cleaned. Sherman and Eby assert that the mold is still present in the areas that were cleaned. Sherman and Eby request that the black mold be removed from the bathroom, vents, and living area, that water from the sink be 115 degrees, and that the inmates have access to cleaning supplies and toiletries.

Sherman and Eby filed applications to proceed *in forma pauperis*. And although Eby signed his application to proceed *in forma pauperis* and a consent form to proceed before a magistrate judge, he did not sign the complaint as required by Fed.R.Civ.P. 11(a). After the court ordered Eby to sign the complaint, he did so. The court then granted Sherman and Eby's applications for leave to proceed *in forma pauperis*. We now screen the complaint.

---

[1] A grievance form and appeal by Sherman are exhibits to the complaint. *See doc. 1* at 5–9.

[2] From the allegations of the complaint it is not always clear which plaintiff took which action. Where not clear, we assume that the action was taken by both Sherman and Eby.

### III. Screening of *In Forma Pauperis* Complaints—Standard of Review.

This court has a statutory obligation to conduct a preliminary review of complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, the court must review the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent part:

> **(a) Screening.** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal.** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint
>     **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A(b)(1), the court must assess whether a complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When determining whether a complaint states a claim upon which relief can be granted, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed.R.Civ.P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578

F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint states a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions,

> are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**IV. Discussion**

Sherman and Eby bring their claims under 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal

constitutional or statutory right." *Id.*   To establish a claim under Section 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

### A.   The complaint fails to state a claim upon which relief may be granted against defendants Litz, Davis, and Karnes.

Sherman and Eby complain about black mold and lack of hot water in the cell block.   They do not allege whether at the relevant time they were pretrial detainees or convicted prisoners.[3]   As convicted prisoners, Sherman and Eby could assert a violation of the Eighth Amendment, which applies to the states through the Fourteenth Amendment, and which "prohibits the infliction of 'cruel and unusual punishments.'" *Glossip v. Gross*, 135 S. Ct. 2726, 2737 (2015).   "A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of life's necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future

---

[3]  As set forth later, we are giving Sherman and Eby leave to amend their complaint.   If they file an amended complaint, Sherman and Eby should set forth whether at the relevant time, they were convicted prisoners or pretrial detainees.

health.'" *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (quoting *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016)).  The Eighth Amendment, however, does not apply to pretrial detainees. *See Bistrian v. Levi*, 912 F.3d 79, 91 n.19 (3d Cir. 2018) ("The Fifth Amendment protects pretrial detainees, while the Eighth Amendment protects post-trial convicts.").  Rather, the Due Process Clause of the Fifth Amendment protects pretrial detainees. *Id*.  "Under the Due Process clause, 'a detainee may not be punished prior to an adjudication of guilt.'" *E. D. v. Sharkey*, 928 F.3d 299, 307 (3d Cir. 2019) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).  But "[a]bsent a showing of an expressed  intent to punish on the part of detention facility officials, . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Bell*, 441 U.S. at 538–39 (footnote omitted).  Regardless of whether they were convicted prisoners or pretrial detainees, Sherman and Eby have not stated either an Eighth Amendment or a due process claim upon which relief may be granted.

   A viable Eighth Amendment conditions-of-confinement claim may be presented when toxic mold causes an inmate medical problems or when there are facts showing a substantial risk of serious harm. *Johnson v. Beard*, No. 3:CV-09-886, 2014 WL 4793905, at * 6–7 (M.D. Pa. Sept. 25, 2014).  But "the mere

presence of mold does not indicate an objectively serious deprivation." *Id*. at * 6. And "[a] perceived risk of future medical issues about mold exposure is likewise insufficient." *Id*. at * 7. "Absent additional information regarding the frequency, duration, or health risks associated with the conditions [in the] showers, the alleged conditions cannot be said to pose a 'substantial risk of serious harm' to inmates." *Molina v. Harry*, No. 3:18CV1391, 2019 WL 3958422, at *2 (M.D. Pa. Aug. 22, 2019) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); see also *Hall-Wadley v. Maint. Dep't*, 386 F. Supp. 3d 512, 518 (E.D. Pa. 2019) ("Numerous courts in this Circuit have held that the presence of mold in the showers, without any allegations regarding harm, do not constitute an Eighth Amendment violation." (citing cases)). Here, Sherman and Eby have not alleged facts from which it can reasonably be inferred that the mold caused them harm or posed a substantial risk of serious harm to them. Moreover, because Sherman and Eby allege that the prison did undertake to clean the area (albeit, according to Sherman and Eby, unsuccessfully), and they have not alleged that defendants knew the mold persisted after the cleaning, there is no basis pleaded to infer that the defendants were deliberately indifferent to a substantial risk of serious harm to Sherman and Eby. Accordingly, they fail to state an Eighth Amendment claim upon which relief may be granted based on the mold.

Similarly, the mere presence of mold in prison showers does not state a viable due process claim. "Providing inmates with shower facilities, which comes with an inherent risk of growing mold, is a legitimate governmental interest." *Reyes v. Kelsey*, No. CV-19-21393-RMB-AMD, 2020 WL 1689781, at *3 (D.N.J. Apr. 7, 2020). And "[a]bsent allegations that the mold caused Plaintiff to become sick or . . . otherwise presents a substantial risk to his health based on the duration and level of exposure, Plaintiff failed to state a due process violation in the complaint." *Id*. Because Sherman and Eby do not allege that the mold caused them to become sick or created a substantial risk to their health, they fail to state a due process claim upon which relief may be granted based on the mold.

Further, being without hot water in a cell for a short time without more does not rise to the level of a constitutional violation. *See Young v. Beard*, No. CIV.A. 3:07-2266, 2011 WL 902447, at *9 (M.D. Pa. Feb. 11, 2011) (concluding that plaintiff had hot water but "even assuming there was no hot water in plaintiff's cell for [39 days] this still does not appear to amount to a violation of the Eighth Amendment"), *report and recommendation adopted*, 2011 WL 901865, at *1 (M.D. Pa. Mar. 15, 2011). Here, although Sherman and Eby contend that they did not have hot water in their sinks for three weeks, they have not alleged how they

were injured by such or how such presented a substantial risk of serious harm or amounted to punishment. Accordingly, they fail to state a claim upon which relief may be granted.

Further, to the extent they are seeking damages, Sherman and Eby must show that the defendants were personally involved in the alleged violation of their rights. "In advancing any § 1983 claim against prison officials, a plaintiff may not rely solely on a *respondeat superior* theory of liability." *Dooley v. Wetzel*, No. 19-1684, 2020 WL 1982194, at *4 (3d Cir. Apr. 27, 2020). "Rather, a plaintiff must aver facts to show the defendants' personal involvement in the alleged misconduct." *Id.* "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" *Id.* (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Here, as to defendant Davis, all Sherman and Eby allege is that they asked for a grievance form from her. That is not sufficient to show personal involvement on the part of Davis. For this reason also, the complaint fails to state a claim upon which relief may be granted as to defendant Davis.

Personal involvement, however, is not required as to claims for prospective injunctive relief for ongoing violations. *Parkell v. Danberg*, 833 F.3d 313, 332

(3d Cir. 2016) ("Our conclusion that the State Defendants lacked personal involvement in past constitutional violations does not preclude Parkell from obtaining prospective injunctive relief for ongoing violations."). "In seeking a prospective injunction against the implementation of an unconstitutional state policy, [a plaintiff] is required to name an official or officials 'who can appropriately respond to injunctive relief.'" *Id*. (quoting *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013)). But generally, an inmate's transfer from the facility complained of moots claims for equitable and declaratory relief. *Sutton v. Rahseed,* 323 F.3d 236, 248 (3d Cir. 2003); *Johnson v. Wenerowicz,* 440 F. App'x. 60, 62 (3d Cir. 2011) (holding that the prisoner's request for injunctive and declaratory relief against the named defendants was rendered moot by his transfer to another prison). Although Eby remains at the LCCF, since Sherman is no longer at the LCCF and there is no basis alleged to reasonably believe that he will again be incarcerated at the LCCF in the foreseeable future, Sherman's claim for injunctive relief relating to conditions and events at that institution are moot.

### B. Leave to Amend

Before dismissing a complaint under the screening provision of 28 U.S.C.§ 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Here, in light of the liberal-amendment standard, although this screening analysis calls for dismissal of the complaint, Sherman and Eby should be granted another opportunity to comply with the requirements of Fed.R.Civ.P. 8 and attempt to state a claim upon which relief may granted. Thus, we will grant them leave to file an amended complaint.

## V. Order

**IT IS ORDERED** that the Sherman and Eby may file an amended complaint within 28 days of this Order.[4] If Sherman and Eby fail to file an

---

[4] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed.R.Civ.P. 10(a). Sherman and Eby are "advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id*. In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case.

amended complaint, it will be recommended that the complaint be dismissed and the case closed.

<i><u>S/Susan E. Schwab</u></i><br>
Susan E. Schwab<br>
Chief United States Magistrate Judge

---

Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed.R.Civ.P. 8(a)(1)–(3).  Further, "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1).  "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b).  And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . . must be stated in a separate count." *Id*.